UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BYRAM WASHINGTON, SR.**                                       CIVIL ACTION

**VERSUS**                                                      NO.: 11-1660

**GRAMERY INSURANCE**                                           SECTION: "J" (4)
**COMPANY, ET AL.**

### ORDER

Before the Court is a **Motion to Compel (R. Doc. 15)** filed by Defendants Gramercy Insurance Company, Rayborn Trucking[1] and Leroy Howard ("Defendants"), seeking an order from this Court compelling Plaintiff Byram Washington, Sr. ("Plaintiff") to respond to Defendants' interrogatories and requests for production. The motion is unopposed. The motion was heard on the briefs Wednesday, November 16, 2011.

**I.     Factual Background**

This negligence lawsuit is the result of an automobile accident allegedly caused by Defendant Leroy Howard ("Howard"). (R. Doc. 1-2, ¶ V.) Plaintiff alleges that his Hummer collided with the 1996 Freight 8000 Howard was driving when Howard made a wide right turn into Plaintiff's lane without warning. (R. Doc. 1-2, ¶ IV.) The Complaint further alleges that the truck Howard was driving was owned and operated by Rayborn Trucking ("Rayborn"). (R. Doc. 1-2, ¶ III.) Plaintiff alleges that Howard and Rayborn and jointly and severally liable for the accident, the damage to his vehicle, and the injuries he sustained to his back, neck, shoulder, and knee. (R. Doc. 1-2, ¶¶ V, VII,

---

[1] Defendant Mary V. Rayborn was erroneously named as Rayborn Trucking in the original petition. (R. Doc. 1-2.) Defendant Mary V. Rayborn owns and does business as Rayborn Trucking.

XI.) Plaintiff seeks damages from Howard and Rayborn as well as Defendant Gramercy Insurance Company, Rayborn's insurance company, and Progressive Paloverde Insurance Company, his own insurance company.[2]  (R. Doc. 1-2, ¶¶ IX, X, XII.)

As to the instant motion, Defendants seek an order from this Court compelling Plaintiff Byram Washington, Sr. ("Plaintiff") to respond to Defendants' interrogatories and requests for production, which were propounded on September 7, 2011.  Defendants argue that despite agreeing to a deadline extension, Plaintiff has not responded to their discovery requests.  The motion is unopposed.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.  Fed.R.Civ.P. 37(a)(3)(B).  Further, "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond." Fed.R.Civ.P. 37(a)(4).

Rule 37 further requires that all discovery motions "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

## III.    Analysis

The Court first notes that the subject discovery requests were propounded on September 7, 2011. (R. Doc. 15-4.)  Therefore, the Plaintiff's responses were due no later than October 7, 2011.

---

[2]On November 18, 2011, the presiding judge dismissed with prejudice Plaintiff's claims against Defendant Progressive Paloverde Insurance Company.  (R. Doc. 22.)

Fed.R.Civ.P. 33(b)(2) and 34(b)(2).

### A. Federal Rule of Civil Procedure 37

Defendants contend that on October 17, 2011, they contacted Plaintiff via telephone regarding his discovery responses. At that time, Defendants agreed to give Plaintiff until October 21, 2011 to submit his discovery responses. The parties' agreement was confirmed via letter on October 18, 2011. (R. Doc. 15-5.) Also attached to Defendant's motion is a Rule 37 certificate in which Defendants certify that they have, in good faith, conferred with Plaintiff regarding his discovery responses, but have been unable to resolve the matter. (R. Doc. 15-2.) Thus, Defendant has met the requirements of Rule 37.

### B. Local Rule 7.5

Under Local Rule 7.5, any memorandum in opposition to a motion must be filed eight (8) days before the noticed submission date. Here, Plaintiff did not file a memorandum in opposition, nor did he request an extension of time within which to oppose the motion.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Compel (R. Doc. 15)** is hereby **GRANTED AS UNOPPOSED**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit his responses to Defendants' discovery requests **no later than Friday, December 30, 2011.**

New Orleans, Louisiana, this 14th day of December 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**