UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BYRAM WASHINGTON, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-1660** |
| **GRAMERCY INSURANCE COMPANY, ET AL.** | **SECTION: "J" (4)** |

### ORDER

Before the Court is a **Motion to Strike Plaintiff's Memorandum in Opposition to Defendants' Motion for Leave to File Amended Answer (R. Doc. 40)**, filed by Defendants Gramercy Insurance Company, Leroy Howard, and Mary V. Rayborn d/b/a as Rayborn Trucking (collectively "Defendants"), seeking an order from this Court striking Plaintiff Byram Washington, Sr.'s ("Washington") Memorandum in Opposition to Defendant's Motion for Leave to File Amended Answer (R. Doc. 39). Washington opposes the motion. (R. Doc. 48.)

In support of their motion, Defendants argue that Washington's memorandum in opposition to their Motion for Leave to Amend Answer (R. Doc. 31) was untimely. Thus, it should be stricken from the record. In opposition, Washington seems to argue that because the submission date on the notice of submission attached to Defendants' motion for leave conflicted with the submission date in the official court record, he was confused about the submission date and/or did not receive notice of the correct submission date until ten (10) days later.

Although notice of submission attached to Defendants' motion for leave incorrectly states that the motion was set for submission on February 9, 2012, the **official court docket text** on

1

February 14, 2012 (R. Doc. 31), and the subsequent order issued by the undersigned (R. Doc. 35) both indicate that the motion was set for submission on February 29, 2012.  The record shows that Washington's counsel all received electronic notice of both record entries.  Thus, it cannot be said that there was any confusion about the submission date, or that Washington did not receive notice of it on February 14, 2012.

Local Rule 7.5 requires any party opposing a motion to "file and serve a memorandum in opposition to the motion . . . no later than eight days before the noticed submission date." L.R. 7.5. As discussed above, Defendants' motion for leave was set for submission on February 29, 2012. Thus, any memoranda in opposition were due no later than February 21, 2012.  Washington's memorandum in opposition was not filed until February 29, 2012 - eight (8) days after the deadline. Washington did not provide the Court with an adequate explanation for his failure to file a timely memorandum in opposition, nor did he seek leave of the Court to file an untimely memorandum in opposition.  Thus, Washington's memorandum in opposition is untimely.

Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Strike Plaintiff's Memorandum in Opposition to Defendants' Motion for Leave to File Amended Answer (R. Doc. 40)** is **GRANTED**.

New Orleans, Louisiana, this 25th day of May 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**